UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: SHERYL ECKHARDT,                              Bankr. No. 11-69855-pjs
                                                     HON. PHILLIP J. SHEFFERLY

      Debtor.

_____/

SHERYL ECKHARDT,

      Appellant,                                   Civil Action No. 12-CV-12668

vs.                                                  HON. BERNARD A. FRIEDMAN

FEDERATED CAPITAL CORP.,

      Appellee.

_____/

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDER
DENYING DEBTOR'S OBJECTION TO PROOF OF CLAIM**

      This matter is presently before the court on an appeal by the debtor, Sheryl Eckhardt

("debtor"), from a order of the bankruptcy court denying her objection to a proof of claim submitted

by Federated Capital Corporation ("Federated"). The issues having been fully briefed, the court

shall dispense with oral argument and decide the appeal without a hearing pursuant to E.D. Mich.

LR 7.1(f)(2).

      The question raised is whether the debtor is liable for a credit card debt that Federated

purchased from the card issuer, Advanta. Debtor denies liability on the grounds that the credit card

account was opened by Janet DiPirro, not debtor. To resolve the issue, the bankruptcy court held

a 2.5-hour evidentiary hearing at which it heard testimony from debtor, debtor's husband, DiPirro

and a Federated representative. The bankruptcy court also received various documents in evidence

and heard argument from counsel. In an exceptionally thorough and well reasoned bench ruling,

which took over 30 minutes to deliver, the bankruptcy court denied debtor's objection to Federated's proof of claim.  The bankruptcy court found that in 2003 debtor purchased from DiPirro a business named Best For Breeds, Inc.; that a term of the purchase agreement was that debtor assumed all of the debts of the business; and that the balance on the Advanta card was one of the business debts debtor assumed.  The bankruptcy court also found that Federated, as a third-party beneficiary of debtor's assumption of that debt, properly asserted a claim for the balance on the card.  Debtor appeals from this ruling.

The court has appellate jurisdiction pursuant to 28 U.S.C. § 158.  The court reviews a bankruptcy court's factual findings for clear error; its conclusions of law are reviewed *de novo*. *See In re Cook*, 457 F.3d 561, 565 (6th Cir. 2006); *In re Musilli*, 398 B.R. 447, 452-53 (E.D. Mich. 2008).

Debtor makes a number of arguments on appeal, none of which is persuasive.  First, debtor argues that "[t]he underlying debt was a debt of the Janet Dipirro's [sic] and as such, Debtor is not liable pursuant to the terms of the purchase agreement."  Appellant's Br. at 3.  Debtor acknowledges that she agreed, as part of her purchase of Best For Breeds, Inc., to assume all of the debts of the business.  Whether the debt in question was a business debt or DiPirro's personal debt was disputed.  The bankruptcy court's finding that the balance on the Advanta card was a business debt is amply supported by the evidence.  When debtor purchased the business, she had been working as its bookkeeper for two years and was familiar with its assets and liabilities.  Ten months before she purchased the business, debtor completed the Advanta credit card application, which DiPirro signed.  The application was for "an Executive BusinessCard for my business."  Dipirro testified that she used this card exclusively for business purposes and debtor offered no evidence to

2

the contrary.  DiPirro also testified that she did not use the card at all after debtor purchased the business and, again, debtor offered no evidence to the contrary.  In 2008 debtor again acknowledged, in writing, that in purchasing the business she had "taken 100% responsibility to repay" all of the business' debts, including its credit card debt.  *See* Ex. 19.  Debtor made approximately $15,000 in payments on this account (Tr. 121-22) in 2005-2007, which further supports the bankruptcy court's finding that debtor herself understood this to be business debt.  Clearly, the bankruptcy court did not err in finding that the balance on the Advanta card represented business debt and only business debt.

Debtor suggests, as she did before the bankruptcy court, that Federated is judicially estopped from arguing that she owes this debt because Federated has obtained a judgment against DiPirro in state court on the same debt.  Judicial estoppel "bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Lorillard Tobacco Co. v. Chester, Wilcox & Saxbe, LLP*, 546 F.3d 752, 757 (6th Cir. 2008).  The bankruptcy court correctly rejected debtor's judicial estoppel argument because there is no inconsistency in the position Federated has taken in the two forums.  DiPirro is liable because she personally guaranteed all amounts due on the card, *see* Federated's Ex. 6 (Advanta Business Card Agreement) ¶¶ 5, 23, whereas debtor is liable for a different reason, namely, because she assumed all of the debts of Best For Breeds, Inc., as part of the purchase agreement.

Debtor also argues that the debt is void under the statute of frauds.  While debtor correctly observes that a promise to answer for another's debts must be evidenced by a signed writing, *see* Mich. Comp. Laws § 566.132(1)(b), in this case there is such a writing.  The purchase agreement, signed by the debtor on January 2, 2003, states that debtor "is assuming any of the

3

Sellers debts or liabilities." The seller is identified as "Janet L. DiPirro, a Michigan corporation (seller), owner of Best For Breeds, Inc." Based on the documentary evidence and the parties' testimony, the bankruptcy court interpreted this to mean that debtor intended to assume all of the debts of the business, including whatever balance might exist on the Advanta card. As noted above, debtor later reaffirmed that this was, indeed, her intent. *See* Ex. 19. Debtor suggests that she should be liable only for debts "in the name of Best For Breeds, Inc.," Appellant's Br. at 5, but this is not what the purchase agreement says. Even if debtor were correct, the debt in question clearly is in the name of the business. The credit card application, which debtor completed, indicates it is for "an Executive BusinessCard for my business" and it addresses the "invitation" to Janet Dipirro, Best for Breeds." In response to the question, "How would you like your card customized?," debtor answered: "BEST FOR BREEDS." The monthly credit card statements, which debtor paid for years, were addressed to BEST FOR BREEDS, JANET DIPIRRO at the business address. The bankruptcy court did not err, either factually or legally, in rejecting debtor's statute of frauds argument.

Finally, debtor argues that Federated did not adequately prove the amount of its claim. The bankruptcy court heard testimony from a Federated representative who had personal knowledge of this account. The bankruptcy court also reviewed documentary evidence regarding the amount due, including an affidavit and monthly statements, none of which debtor rebutted. The bankruptcy court's finding regarding the amount owed is amply supported by the record.

The court concludes that the bankruptcy court's factual findings are well supported and that its legal conclusions are correct.  Accordingly, the bankruptcy court's order denying debtor's objection to Federated's proof of claim is AFFIRMED.


                                              S/Bernard A. Friedman_____
Dated: September 28, 2012                     BERNARD A. FRIEDMAN
       Detroit, Michigan                      SENIOR UNITED STATES DISTRICT JUDGE